The orders of the general and special terms must be reversed, with costs, and the motion to open default denied, with leave to defendant to renew his motion on proper papers.    All concur.

---

(26 Misc. Rep. 205.)
### PEOPLE v. HIGHLAND MUT. FIRE INS. CO.
(Supreme Court, Special Term, Ulster County.    February 9, 1899.)

1. INSURANCE—MUTUAL COMPANY—DISSOLUTION—TERMINATION OF POLICY.
    A nonassessable policy to a member of a mutual fire insurance company is not terminated by the appointment of a receiver therefor.
2. SAME—DISSOLUTION—RECEIVER'S LIABILITY—MEASURE OF DAMAGES.
    A fire policy provided that a loss should be payable 60 days after satisfactory proof had been received by the company.    Subsequent to the appointment of a receiver for the company, but before it was dissolved and a permanent receiver was appointed, a loss occurred, the amount of which was adjusted by the temporary receiver.    Held, that the measure of plaintiff's recovery was the present worth of the amount determined, due 60 days after adjustment, at the date of the appointment of the permanent receiver.
3. SAME—PAYMENT BY RECEIVER.
    Where a judgment is obtained against the receiver of a fire insurance company on a policy, and he has sufficient assets with which to pay it, without prejudice to other claims, the court should order payment at once.

Proceeding by the people against the Highland Mutual Fire Insurance Company to wind up its affairs.    Charles D. Robinson was appointed receiver, and Richard Mooney and another applied for an order requiring him to pay a loss.    Granted.

Walter N. Gill, for Richard Mooney and Delaware & H. Canal Co.
Headley, McClung & Witschief, for Charles D. Robinson.
J. C. Davies, Atty. Gen., for the People.

BETTS, J.    On June 10, 1897, the defendant issued its certain policy of insurance, No. 1,458, to Richard Mooney, for $2,500, upon a certain dwelling house situated in this city; loss, if any, payable to the Delaware & Hudson Canal Company, mortgagee.    The petitioner, Mooney, paid the sum of $15 premium for the same in cash, and a three-years policy was duly delivered to him.    On or about July 23, 1898, Charles D. Robinson, Esq., was appointed temporary receiver of the defendant in this action; and on or about September 17, 1898, the said corporation was dissolved, and said Robinson was appointed permanent receiver.    The insured, Mooney, knew nothing of the appointment of the temporary receiver; and on Monday, August 22, 1898, at about 2 o'clock a. m., his dwelling house was destroyed by fire.    Subsequent to the loss under this policy, Mooney received from the receiver a five-days notice of the cancellation of his policy, together with a notice of the appointment of a receiver.    This was the first notice that Mooney had of the appointment of the receiver of this company.    By agreement between said receiver and Mooney, the loss was appraised upon said dwelling house at $1,070, by appraisers and a referee selected by the parties.    The petitioner, Mooney, now asks that the said sum of $1,070 shall be paid to him and the Delaware & Hudson Canal Com-

pany for their loss under this policy. The receiver answers that he has funds sufficient to pay this policy, but he has doubts as to the propriety of paying the same without an order of this court, and he presents various reasons for the court not making such an order.

The defendant corporation was a mutual company, and for that reason the receiver claims that Mooney was a member of the company, and that the appointment of a receiver terminated his policy, and hence there was no policy in existence at the time of the fire. The receiver also claims that, Mooney being a member of the company, he should be presumed to have knowledge of the appointment of the receiver of his own property. Mooney, however, was not a member of the company in the sense of giving premium notes for his insurance, or being assessable for other losses, but paid cash for his risk; and the policy which was issued to him contained conspicuously on its face and on the indorsement the clause, "This policy is nonassessable, and issued on cash basis." It was held in Mygatt v. Insurance Co., 21 N. Y. 52, that a mutual company has power to issue policies upon payment of a fixed premium, without provision for any contingent liability of the insured, and that an action was maintainable by insured against the company in case of loss under such a policy. It has been held repeatedly, in cases where a receiver of a life insurance company had been appointed during the lifetime of a policy, that the insured had a claim against the company; the only question being as to the measure of damages in estimating that claim. It is the usual method, in cases where there is no loss, to take the value of the policy destroyed, ascertained from tables used in the business of life insurance, showing the average expectancy of life, as the amount of the claim against the company. In People v. Annuity Co., 78 N. Y. 129, subsequent to the dissolution of the company and the appointment of the receiver the policy holder had died, and his administrator seasonably presented a claim for the full amount of the policy to the receiver. Held, that the present value of the amount named in the policy when payable at the date of the dissolution of the company was the correct amount of the claim under that policy against said receiver; and that case has been followed ever since as the correct rule in estimating death losses against receivers of life insurance companies under the conditions named. I can see no difference in principle from the case there presented and this one now before me. The amount of loss of the petitioners has been definitely ascertained, and no tables or estimates are needed to fix their damage and loss. The building was destroyed, and its value has been fixed and passed upon by appraisers agreed to by the receiver and the insured; and, as this claim is not shown to in any way conflict with that of other creditors, it seems that the loss ought properly to be paid. That must have been the view taken of the matter at the time the receiver entered into the agreement for the appraisal and award, or else he was putting himself, representing all the interests of the company and the insured, to unnecessary labor and expense. The loss under this policy was "payable sixty days after due notice, ascertainment, estimate, and satisfactory proof had been received by the company." The receiver here stands in the place of the company, and it appears from the papers, and is not disputed, that

the amount of the loss was arrived at between the receiver and Mooney on or about November 28, 1898; hence, if the company had been in existence, the $1,070 would have been payable 60 days thereafter, or on or about January 27, 1899. So that, by analogy to the rule laid down by the court of appeals in the case of a like loss under a life policy, the proper amount of the claim of petitioners against the receiver would be the present value of $1,070, due January 28, 1899, at the date of September 17, 1898, when the permanent receiver was appointed. This I think is the proper measure of liability of this company or its receiver under this policy.

The question then remains whether this court should now order the payment of that sum. The receiver, in his affidavit herein, says that he has $2,834.29 cash in his hands, and premium notes of the company of the face value of $82,400, and that the liabilities of the company outstanding at this time, aside from the claim of Mooney, will not exceed $50. It also appears that claims have been advertised for, and the time for their presentation has expired; hence this claim can now be safely paid without awaiting the winding up of the affairs of the company.

An order may be handed up, in accordance with this memorandum, providing for the immediate payment of this claim at the amount ascertained by the method suggested herein.